No. 6483.

CARTER, CONGREVE ET AL. VS. JOHN P. FOWLER ET AL.

A succession may be legally and validly renounced by a judicial declaration made to that effect by the universal legatee, in the Petition presented by him to the Court of Probates to be confirmed testamentary executor under the will. Article 1017 of the Civil Code is not exclusive of other modes of renunciation.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.*

*B. R. Forman* for Plaintiffs and Appellants.

*E. W. Huntington* and *H. L. Dufour* for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J.  John P. Fowler, one of the defendants, under a judgment in his favor against Mrs. Anna M. Jennings, one of the plaintiffs, seized the property which is the subject of controversy in this case. The seizure was enjoined by the defendant in the writ, Mrs. Jennings and her co-plaintiffs, who are the children and legal heirs of N. R. Jennings, deceased, and the issue of the marriage of said deceased with the said Mrs. Anna M. Jennings, his surviving widow.

The grounds of the injunction, as disclosed by the petition, are:

1st.  That the judgment under which the seizure was made was an absolute nullity, because rendered without citation.

2d.  That the property seized belonged not to Mrs. Jennings, the defendant in the writ, but to her co-plaintiffs, the children and heirs of N. R. Jennings, who it was alleged acquired the same by inheritance from their deceased father.

The plaintiffs are appellants from the judgment rendered against them.

The property in question belonged to N. R. Jennings at the time of his death, which occurred in the year 1863, in the parish of St. Helena.

The deceased left at his death a last will, in which his surviving widow, Mrs. Anna M. Jennings, was constituted his universal legatee, and appointed executrix of his estate. Within a month after his death, his widow presented a petition to the proper court of the parish where the deceased died, asking the confirmation of her appointment as executrix, and to be confirmed as natural tutrix of her minor children.

In this petition Mrs. Jennings declared that she renounced in favor of her children, the issue of her marriage with the deceased, all claim to his estate as legatee under his last will.

It is the effect of this renunciation that we are called on to consider in this case, and under our view of the case it is really the only question

that requires consideration; for if the renunciation was valid, the property seized for the debt of Mrs. Jennings belongs to her children, her co-plaintiffs, and was improperly seized for her debt. If it was invalid, the seizure was proper.

The defendants' counsel contends that the renunciation was null, for the reason that it was not made in the manner prescribed by article 1017 of the Civil Code, which declares that such renunciation must be made by "public act before a notary, and in the presence of two witnesses."

This article, in our opinion, has reference solely to extrajudicial renunciations, and was a provision in favor of the heirs of a succession to enable them to put in an authentic form the declaration by which they might be relieved from all liability for the debts of the succession.

The declaration made by Mrs. Jennings in her petition referred to was in the nature of a judicial confession, affording the very highest species of evidence recognized by law. It is regarded as of such solemnity that the Code expressly declares "that it amounts to full proof against him who has made it;" that it cannot be revoked on a pretense of an error of law, but only when made through an error of fact. C. C., Art. 2291.

Again, heirs may be cited by creditors, and required to answer whether they accept or renounce a succession falling to them. C. C., Arts. 1036, 1037, 1038.

If, in obedience to such citation, they answer that they renounced the succession, they are not required to go before a notary and execute a formal act in token of their renunciation, but simply to declare it their answer before the judge. In this case, Mrs. Jennings was not cited, it is true, to signify whether she accepted or renounced the succession, but her voluntary declaration, made at a fit time and in an appropriate proceeding, and under circumstances calling for such declaration, we hold to be as effective and conclusive as if made in answer to a citation.

The article relied on by defendants' counsel, it will thus be seen, has no controlling effect on these provisions of the law to which we have just referred. It provides simply for a certain kind of renunciation, and does not exclude at least another mode which may be considered of higher rank and greater solemnity.

We conclude, therefore, that Mrs. Jennings did not own the property in controversy, nor any interest therein, at the time of its seizure, but that the same belonged to her children, the co-plaintiffs in the case, acquired by them, by inheritance, from the succession of their father, N. R. Jennings.

From this view of the case it is unnecessary to decide touching the alleged nullity of the judgment under which the seizure was made.

It is, therefore, ordered, adjudged and decreed that the judgment

of the lower court be annulled, avoided and reversed, and that the property seized be decreed to belong to the petitioners, Anna Carter, Alice Congreve, Caddie Jennings and' Cora Jennings, the legal heirs of Needler R. Jennings, deceased, and that the injunction against the sale of the same be perpetuated, defendants to pay costs of both courts.

Levy, J., absent.